IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRETT HUEFFMEIER,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**TALENTUM EMPOWERMENT INSTITUTE, LLC f/k/a and d/b/a ABC EDUCATION GROUP, LLC d/b/a INTERNATIONAL EDUCATION ALLIANCE FOR LEARNING, d/b/a INTERNATIONAL EDUCATION INSTITUTE, et al.,**<br><br>    **Defendants.** | Case No. 22-2333-JAR-ADM |

## MEMORANDUM AND ORDER

On August 22, 2022, Plaintiff Brett Hueffmeier filed a "Verified Complaint"[1] alleging claims based on various federal criminal statutes, as well as state law claims against Defendants Talentum Empowerment Institute ("Talentum") and Knowledgelink Group, Inc., his former employers, and several individuals affiliated with these business entities. Highly summarized, Plaintiff alleges that just before and immediately after he separated from his employment with Talentum, Defendants engaged in an organized effort to access and infiltrate his electronic devices, email accounts, social media accounts, and bank accounts in an effort to harass him and steal his business and personal information for their own gain. He claims that their harassment has extended to his family and friends. Summons issued the following day to three of the six named Defendants.

---

[1] Doc. 1. Although the Complaint is not signed by Plaintiff, he filed a verification the following day. *See* Doc. 4.

Before the Court are Plaintiff's Motion for Temporary Restraining Order (Doc. 5), filed without notice to Defendants, and Motion for Hearing (Doc. 7), asking that his Motion for Temporary Restraining Order ("TRO") be heard ex parte today, August 24, 2022.  The Court has considered these motions and supporting documents, the Verified Complaint, and Plaintiff's Attorney's Certification.[2]  As described below, Plaintiff's motions are denied.

## I.      Request for Ex Parte Hearing

"[A] district court may hold ex parte proceedings when a party requests a TRO."[3]  Fed. R. Civ. P. 65(b)(1) governs when a TRO can be issued by the Court without notice to the adverse parties:

> (1) **Issuing Without Notice**. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff's motion fails to make a sufficient showing he will suffer irreparable and immediate harm *before* Defendants can be heard on the motion.  Instead, Plaintiff offers generalized allegations of irreparable harm, and no explanation of the specific injuries he expects to suffer if a restraining order is not issued before Defendants can receive notice and an opportunity to respond to the motion.  In fact, the Verified Complaint and other supporting documents state that the harm Plaintiff has suffered began more than one year ago.

---

[2] Docs. 1, 5, 6, 7, and attachments thereto.

[3] *ClearOne Commc'ns, Inc. v. Bowers*, 509 F. App'x 798, 802 (10th Cir. 2013).

Additionally, Plaintiff's counsel has failed to certify in writing his efforts to give Defendants notice of this motion, and the reasons why it should not be required here. In his brief in support of the TRO, Plaintiff suggests that because the conduct alleged could be charged criminally, he should not be required to give Defendants notice of the motion. But he provides no citation to authority for this proposition. Because Plaintiff has failed to make the requisite showing under Rule 65(b), the Court declines to set this matter for hearing today and denies Plaintiff's request for an ex parte TRO.

**II.     Motion for TRO**

Plaintiff asks the Court to issue a TRO enjoining Defendants from:

> (1) accessing Plaintiff's communications, files and materials, and all Plaintiff's accounts—including without limitation, email accounts, social media accounts, bank accounts, professional accounts, Microsoft accounts, Google accounts, Apple accounts, etc.;
> (2) accessing Plaintiff's devices and the devices of Plaintiff's family and friends;
> (3) requiring Defendants to return to Plaintiff everything obtained by the development, deployment, maintenance, servicing, operation and other use of spyware, malware, and other hacking devices; and
> (4) contacting Plaintiff, Plaintiff's family and friends, whether electronically, physically, by mail or otherwise.

Plaintiff further asks the Court to require Defendants to:

> (5) uninstall any and all spyware, malware, and other hacking devices designed to target, attack, exploit, interfere, and cause harm to Plaintiff's goodwill, property and reputation;
> (6) preserve all evidence including without limitation, all documents concerning Defendants' businesses, financials, communications; all documents concerning Defendants personal communications; Defendants' business and personal computer(s) and/or other device(s) data and metadata; IP addresses; all other relevant or potentially relevant information, documents, data, metadata; and other intangible and tangible evidence of any kind;

> (7) and such other and further relief as this Court deems just and proper.[4]

When addressing a motion for TRO, the court applies the same standard as it applies to a motion for preliminary injunction.[5] Four factors must be shown by the movant to obtain injunctive relief: (1) the movant is likely to succeed on the merits; (2) the movant is likely to suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction is in the public interest.[6] "[B]ecause a preliminary injunction in an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[7]

Additionally, some preliminary injunctions are disfavored and require a stronger showing by the movant. The heightened standard applies to preliminary injunctions that (1) disturb the status quo; (2) are mandatory rather than prohibitory; or (3) provide the movant substantially all the relief that it could recover after a full trial on the merits.[8] In seeking such an injunction, the movant must "make[ ] a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms."[9] These requirements apply equally to a TRO request as to a preliminary injunction request.[10]

---

[4] Doc. 5 at 1–2.

[5] *Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018) (citing *Sac & Fox Nation of Mo. v. LaFever*, 905 F. Supp. 904, 907 (D. Kan. 1995)).

[6] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[7] *Beltronics USA, Inc. v. Midwest Inventory Distr., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)).

[8] *Fish v Kobach*, 840 F.3d 710, 723 (10th Cir. 2016) (citations omitted).

[9] *Beltronics,* 562 F.3d at 1071 (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (en banc)).

[10] *See Wiechmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002).

The Court has reviewed Plaintiff's motion for TRO and memorandum in support and finds that the motion must be summarily denied without prejudice because it fails to address all of the applicable standards set forth above.  Most importantly, Plaintiff's brief makes no attempt to argue that he is likely to succeed on the merits of the claims alleged in the Verified Complaint. The Tenth Circuit has explained that while "[t]he courts use a bewildering variety of formulations of the need for showing some likelihood of success, . . . [a]ll courts agree that plaintiff must present a prima facie case but need not show a certainty of winning."[11]  In other words, some showing must be made even if Plaintiff is able to establish that the other three factors weigh in his favor.  Because Plaintiff's motion fails to address this factor, the Court denies Plaintiff's TRO motion without prejudice to refiling with notice to Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Hearing (Doc. 7) is **denied**.  Plaintiff shall effectuate service on Defendants as described above. Plaintiff's Motion for Temporary Restraining Order (Doc. 5) is **denied without prejudice** to refiling with notice to Defendants.

**IT IS SO ORDERED.**

Dated: August 24, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016) (second alteration in original) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2948.3, at 197, 201 (2013)).