IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRETT HUEFFMEIER,<br><br>      **Plaintiff,**<br><br>      v.<br><br>TALENTUM EMPOWERMENT INSTITUTE, LLC, et al.,<br><br>      **Defendants.** | Case No. 22-CV-2333-JAR-ADM |

**MEMORANDUM AND ORDER**

Plaintiff Brett Hueffmeier filed suit against six Defendants on August 22, 2022. Defendants include Talentum Empowerment Institute, LLC; KnowledgeLink Group, Inc.; Yi "Barbara" Liang, Vivian Nieh, Sandra Nieh, and Xinwei "Christine" Lin. Defendants Liang and the Niehs filed a Motion to Strike Service (Doc. 34) contending that Plaintiff failed to properly serve them. Plaintiff, in turn, filed a Motion to Strike Defendants' Pleadings and Motion (Doc. 41) asserting that these three Defendants' Motion to Strike and Defendant Talentum's Answer filed on June 15, 2023 are untimely. The motions are fully briefed. For the reasons set forth below, the Court grants Defendants' motion and denies Plaintiff's motion.

**I.    Factual and Procedural Background**

Plaintiff filed his Complaint in August 2022 alleging that just before and immediately after he separated from his employment from Defendant Talentum, Defendants engaged in an organized effort to access and infiltrate his electronic devices, email accounts, social media accounts, and bank accounts in an effort to harass him and steal his business and personal information for their own gain. Plaintiff also filed a motion for an ex parte temporary restraining

order, which the Court denied, finding that Plaintiff did not meet his burden of showing that he would suffer irreparable and immediate harm before Defendants could be heard on the motion.[1]

In January 2023, the Court issued a Show Cause Order directing Plaintiff to demonstrate why the case should not be dismissed because Defendants had not yet been served with a summons and a copy of the complaint. After communication from Plaintiff in which he stated that he had been unsuccessful in reaching his counsel for months, the Court issued a second Show Cause Order in March 2023. In that Order, the Court directed Plaintiff to serve Defendants by May 26, 2023. In addition, the Court ordered Plaintiff to file a notice regarding the status of his legal representation.

On May 26, Plaintiff filed Proofs of Service ("Alias Summons Returned Executed") for all Defendants indicating that Defendants Talentum, Liang, Vivian Nieh, and Sandra Nieh were served via Pinnacle Solutions Consulting, LLC, located at 44 Cook Street, Suite 100 in Denver, Colorado. Specifically, the Proofs of Service stated that Crystal Aleniz, the receptionist of Intelligent Office Share, was served. Plaintiff indicated that KnowledgeLink and Lin were served via another address in Waltham, Massachusetts. On May 30, Plaintiff filed a Notice clarifying the status of his legal representation stating that he was still unsuccessful in reaching his attorney of record.

On June 2, 2023, the Clerk of the Court extended Talentum's, Liang's, and Niehs' answer date to June 19, 2023.[2] On June 13, Judge Angel D. Mitchell held a Show Cause hearing regarding Plaintiff's counsel's status. Plaintiff and his counsel appeared, and Judge Mitchell determined that Plaintiff would like to proceed with his counsel of record, and his counsel

---

[1] Doc. 9.

[2] KnowledgeLink's and Lin's time to answer has been extended to August 14, 2023.

agreed. Judge Mitchell also noted that she intended to refer concerns about Plaintiff's counsel's previous unresponsiveness to the Kansas Disciplinary Administrator.

On June 15, Defendant Talentum filed is Answer and Counterclaim. Defendants Liang and the Niehs filed a Motion to Strike Insufficient Service asserting that they were not properly served. Plaintiff filed a response and a Motion to Strike Defendant Talentum's Answer and Defendants Liang and the Niehs' Motion to Strike.

**II.     Analysis**

The Court will first address Plaintiff's Motion to Strike Defendants' pleadings and motion. Plaintiff asserts that Defendants' pleadings are untimely by one day. Plaintiff, however, fails to recognize that Defendants were granted additional time to plead, and Defendants' pleadings are not untimely. Thus, Plaintiff's motion is denied.

Next, the Court addresses Defendants' motion to strike service. Defendants ask the Court to strike Liang and the Niehs' proof of service because they were not served properly. Specifically, they contend that they do not reside in Colorado, and Ms. Aleniz is not authorized to accept service on behalf of them.

Federal Rule of Civil Procedure 4(e) provides that an individual may be served by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[3] Plaintiff did not accomplish service by the methods set forth in two through four above, but he contends that service was proper under Kansas rules.

---

[3] Fed. R. Civ. P. 4(e)(1)–(2).

K.S.A. § 60-304(a) provides that service of process must be made:

> On an individual . . . by serving the individual or by serving an agent authorized by appointment or by law to receive service of process. If the agent is one designated by statute to receive service, such further notice as the statute requires must be given. Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address. If the sheriff, party, or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.[4]

Here, Plaintiff did not serve these three individuals at their residences nor through an agent authorized by law to receive service of process for these individuals. Plaintiff asserts in his briefing that he attempted to serve Defendants at their respective dwellings if he could find the address. He references an exhibit for support, yet he fails to attach this exhibit to his response. Thus, he fails to provide support for these contentions, and Plaintiff fails to demonstrate that he first attempted to serve these individuals at their residences.

Plaintiff next contends that because he was unsuccessful in serving these individuals at their respective dwellings, he resorted to serving them at their business address. But Defendants contend that the unaffiliated entity Pinnacle Solutions Consulting is not their place of business. And even if Pinnacle Solutions could be considered these Defendants' place of business, § 60-304 "allows service of process to be sent to a defendant's place of business only under certain conditions."[5] Specifically, § 60-304 provides that service at an individual's place of business is

---

[4] K.S.A. § 60-304(a).

[5] *Settle v. Diversified Consultants Inc.*, No. 13-CV-2606-EFM, 2014 WL 1607589, at *2 (D. Kan. Apr. 22, 2014).

4

an alternative way of service "[i]f the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed."[6] Plaintiff did not file such a return of service, and Plaintiff has not technically complied with Kansas law for service of process under § 60-304.

Nevertheless, Plaintiff contends that K.S.A. § 60-204 only requires substantial compliance with the service statutes. Specifically, this statute provides that "[s]ubstantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."[7] He contends that each individual Defendant was made aware of this matter because they filed a motion to strike service, with attached affidavits.[8] Thus, he contends that he substantially complied with § 60-304.

Yet, "[i]n applying [§] 60-204, the Court must find that defendant's awareness of the suit results directly from plaintiff's substantial compliance with the service of process."[9] And "Defendants' knowledge of the suit by itself . . . is insufficient under [§] 60-204."[10] Accordingly, the Court must consider whether Plaintiff substantially complied with the service of process procedures.

---

[6] *Id.* (citing K.S.A. § 60-304); *see also Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016) ("[S]ervice upon an individual at his place of business without first attempting to serve him at his dwelling place does not constitute substantial compliance under Kansas law.") (citations omitted)).

[7] K.S.A. § 60-204.

[8] He also contends that he sent Defendants copies of the summons and complaint referencing an attached exhibit. Again, Plaintiff did not attach any exhibits to his briefing, and thus his contention is without support.

[9] *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1095 (D. Kan. 2007) (citing *Burnham v. Humphrey v. Hosp. Reit Tr., Inc.*, 403 F.3d 709, 716 (10th Cir. 2005)).

[10] *Id.* (citation omitted).

As noted above, there are specific requirements under § 60-304 for serving an individual at a business address.  These include (1) first attempting to serve the individual by return receipt delivery at the individual's residence, (2) filing a return of service indicating that the delivery was refused or unclaimed, and (3) then sending the summons and complaint to the business address, addressed to Defendant, by return receipt delivery.[11]

Plaintiff did not substantially comply with any of these requirements.  First, Plaintiff did not first attempt to serve the Niehs and Liang at their residences.  Second, Plaintiff did not file a return of service that delivery was refused or unclaimed.  And although Plaintiff asserts in his briefing that he attempted to serve Defendants at their respective dwellings if he could find the address, he references an exhibit for support that he failed to attach to his motion.  Skipping the first two requirements of the statute fails to satisfy the statute's reasonable objectives.[12]  "If the Kansas legislature had intended to allow plaintiffs to serve defendants by mail at their business addresses without meeting the other statutory prerequisites for such service, it would not have included the restrictions for business address service in the statute."[13]  Thus, Plaintiff fails to show substantial compliance with the first two requirements of the statute.

And finally, Plaintiff's attempt at service at Defendants' business address does not substantially comply.  Plaintiff does not demonstrate that Defendants received notice of the summons and complaint at this location.  Defendants affirmatively state that Pinnacle Solutions and Crystal Albeniz—the receptionist who signed for the documents—is not their authorized

---

[11] *Wanjiku*, 173 F. Supp. 3d at 1229 (citing *Settle*, 2014 WL 1607589, at *3).

[12] *Id.* at 1230.

[13] *Id.*

6

agent.[14]  There is nothing here showing that Defendants learned of the lawsuit from Plaintiff's efforts.[15]  Accordingly, Plaintiff does not demonstrate substantial compliance with the statute.

Because service of process was not properly accomplished under K.S.A. § 60-304, and Plaintiff cannot demonstrate substantial compliance under K.S.A. § 60-204, the Court grants Defendants' motion to strike the returns of service filed at Docs. 20, 21, and 23.  Plaintiff must properly serve these individual Defendants before he can proceed with his lawsuit against them.  The Court imposes the following deadline for proper service to occur:  September 8, 2023.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Strike Insufficient Service (Doc. 34) is **granted**.  The Court will strike the returns of service filed at Docs. 20, 21, and 23.  Plaintiff must properly serve these individual Defendants by September 8, 2023.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 41) is **denied**.

**IT IS SO ORDERED.**

Dated: August 15, 2023

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE

---

[14] Defendants contend in their briefing that Pinnacle Solutions is not their place of business while they contend in their affidavits that Pinnacle Solutions and Ms. Aleniz are not their authorized agents.

[15] *Wanjiku*, 173 F. Supp. at 1230 (noting that substantial compliance under § 60-204 requires that the defendant's awareness of the suit comes from the plaintiff's efforts to substantially comply with service of process).